# 𝕴𝖓 𝖙𝖍𝖊 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕱𝖊𝖉𝖊𝖗𝖆𝖑 𝕮𝖑𝖆𝖎𝖒�' 

No. 10-859C
(Filed: September 8, 2011)

* * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| **MICHAEL STUART,** | * | |
| | * | Tucker Act 28 U.S.C. § 1491(a); |
| Plaintiff, | * | Military Pay Act 10 U.S.C. §§ 204, 206; |
| | * | RCFC 12(b)(1); RCFC 12(b)(6); |
| v. | * | RCFC 8(a)(2); Jurisdiction; |
| | * | Discharge from Active Duty; |
| **THE UNITED STATES,** | * | Failure to State a Claim Upon Which |
| | * | Relief Can Be Granted. |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * *

<u>Jason E. Perry</u>, Law Office of Jason Perry, 114 South Main Street, Cheshire, CT, 06410, for Plaintiff.

<u>Janice C. Dempsey</u>, U.S. Department of Justice, Civil Division, Washington, D.C., 20044, for Defendant.

---

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS**

---

**WILLIAMS,** Judge.

Plaintiff, Michel E. Stuart, claims that he was wrongfully separated from active duty in the United States Army after he became disabled in the line of duty. Plaintiff seeks back pay, payment for medical care since his removal from active duty, and restoration to active duty until he is afforded a physical disability evaluation by an appropriate board and his physical disability case is decided by the Secretary of the Army.[1]

Defendant has moved to dismiss Plaintiff's claim for lack of jurisdiction and failure to state a claim upon which relief may be granted, characterizing Plaintiff's claims alternatively as

---

[1] Plaintiff has not alleged that he has filed an administrative disability case with the United States Army. Rather, he claims that he applied for participation in the Medical Retention Processing Program, but was "never referred into the [Army's] physical disability evaluation system" or processed for a Medical Evaluation Board or Physical Evaluation Board. Compl. ¶ 16.

a disability retirement claim, a reservist's wrongful discharge claim, or a claim for incapacitation pay. Because Plaintiff challenges his discharge from active duty, not the reserves, and does not ask this Court to either adjudicate a disability retirement claim or award him incapacitation pay, Defendant's Motion to Dismiss is denied.

**Background[2]**

Plaintiff ("Mr. Stuart") served in the military in both an active-duty enlisted and reservist capacity. Compl. ¶ 6. Originally, he enlisted in the United States Army ("Army") in 1985, and served as an armor crewman. Id. After nine years of active duty, he enlisted in the Mississippi Army National Guard. Id. Subsequently, Mr. Stuart was recalled to full-time active duty for numerous tours of duty, including Operation Desert Storm in 1990 and 1993, and Operation Iraqi Freedom in 2005. Compl. ¶¶ 7, 17.

On January 1, 2006, after returning from Iraq, Mr. Stuart was examined at Camp Shelby, Mississippi for chest pain and constant ringing in his ears. Compl. ¶ 10. According to Mr. Stuart, the examiner concluded these injuries were incurred in the line of duty, and the examiner referred Mr. Stuart for further medical evaluation. Id. Mr. Stuart claims he was released from active duty and transferred into the National Guard on January 21, 2006, before he received a Medical Evaluation Board ("MEB"). Compl. ¶¶ 11, 16; Def.'s Mot. to Dismiss ("Def.'s Mot."), Exs. 5, 6. Six months later, he underwent an additional line of duty examination after reporting his continued social and physical symptoms. Compl. ¶ 11.

On December 4, 2006, Mr. Stuart "documented his physical and psychological injuries" on the Post-Deployment Health Reassessment ("PDHRA"). Compl. ¶ 13. Following completion of the PDHRA, Mr. Stuart was referred for treatment at the Department of Veterans Affairs ("VA") hospital in Memphis, Tennessee. Id. The VA hospital conducted numerous psychological examinations of Mr. Stuart, determining that he suffered from Post-Traumatic Stress Disorder ("PTSD") caused by his service in 1990, and revived in 2005. Id.

Beginning in March 2007, Mr. Stuart received incapacitation pay for his PTSD. Compl. ¶ 14. As a part of the incapacitation claims process, he was periodically examined by physicians for the purpose of sustaining his payments. Id. The physicians noted that Mr. Stuart continued to suffer chronic PTSD and that he required continued psychiatric treatment. Id. His condition was deemed unfitting for military service and deployment, and he was released from the National Guard on September 23, 2009. Id.; Def.'s Mot., Ex. 1. His incapacitation payments were provided through October, 2008. Compl. ¶ 14. Mr. Stuart claims that he never received a mandatory MEB, and thus was never referred to a Physical Evaluation Board ("PEB") or transferred into the disability evaluation system. Compl. ¶16. Plaintiff claims that he was wrongfully released from active duty, and that he is entitled to monetary benefits. Compl. ¶¶ 21–22.

---

[2] This background is derived from Plaintiff's Complaint and Defendant's Motion to Dismiss and should not be construed as findings of fact.

**Discussion**

When deciding a motion to dismiss under RCFC 12(b)(1), the Court assumes all factual allegations to be true and construes "all reasonable inferences in plaintiff's favor." Hall v. United States, 74 Fed. Cl. 391, 393 (2006) (quoting Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)). Plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence before the Court proceeds to the merits of the action. Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988); see also Naskar v. United States, 82 Fed. Cl. 319, 320 (2008); Fullard v. United States, 78 Fed. Cl. 294, 299 (2007); BearingPoint, Inc. v. United States, 77 Fed. Cl. 189, 193 (2007). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3); see also Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

When deciding a motion to dismiss under RCFC 12(b)(6), the Court considers whether the pleadings satisfy RCFC 8. Pursuant to Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(2); Gay v. United States, 93 Fed. Cl. 681, 685 n.3 (2010); see generally Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (construing Rule 8 of the Federal Rules of Civil Procedure, which is identical to RCFC 8). Although Rule 8 does not require detailed factual allegations, it does demand more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). To determine whether a complaint states a plausible claim for relief, a court must engage in a context-specific analysis and "draw on its judicial experience and common sense." Id. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949 (citing Twombly, 550 U.S. at 556). However, the plausibility standard requires more than a "sheer possibility" that the defendant has violated the law. Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). The complaint must plausibly suggest that the plaintiff has a right to relief "above the speculative level" and cross "the line from conceivable to plausible." Twombly, 550 U.S. at 555, 570.

### I.     Subject Matter Jurisdiction

The Tucker Act grants this Court jurisdiction to hear claims for money founded upon acts of Congress. 28 U.S.C. § 1491(a)(1) (2006). By statute, a "member of the uniformed service who is on active duty" is entitled to receive basic pay. 37 U.S.C. § 204(a)(1) (2006). If an active duty service member is denied the benefits of his active duty status, he has a cause of action under the Tucker Act; 37 U.S.C. § 204 is money-mandating. Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999); see also Sobczak v. United States, 93 Fed. Cl. 625, 631–32 (2010)

("If a discharge is wrongful, the service member retains the right to basic pay."). Because Mr. Stuart alleges entitlement to pay that he would have received absent his release from active duty, this Court has jurisdiction over his claim. Id.

The Government argues that this Court lacks subject matter jurisdiction over Mr. Stuart's wrongful discharge claim because Mr. Stuart was not on active duty status when he was discharged, and was instead a member of the Mississippi Army National Guard in September 2009. See Compl. ¶ 6; Def.'s Mot., Ex. 1. As such, the Government contends that Mr. Stuart was a state employee, and cannot bring suit in this Court. See Walker v. United States, 40 Fed. Cl. 666, 671 (1998).

However, Mr. Stuart's claim for wrongful discharge is based on his release from active duty on January 21, 2006, not his discharge from the National Guard in September, 2009. Pl.'s Resp. at 5, n.5. The Court of Appeals for the Federal Circuit has repeatedly held that 37 U.S.C. § 204 is a money-mandating statute for the benefits claims of active duty service members. Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003); Palmer, 168 F.3d at 1314. Under 37 U.S.C. § 204, a member of the uniformed service on active duty is entitled to receive basic pay. Sobczak, 93 Fed. Cl. at 631–32 (2010); Reeves v. United States, 49 Fed. Cl. 560, 566 (2001). "This legal entitlement to pay is not extinguished in situations of improper discharge, and it can serve as a 'money-mandating' statutory basis for military pay claims under the Tucker Act." Reeves, 49 Fed. Cl. at 566 (citing Adkins v. United States, 68 F.3d 1317, 1321 (Fed. Cir. 1995)). Thus, because Mr. Stuart claims wrongful release from active duty service, this Court has jurisdiction under 37 U.S.C. § 204 and the Tucker Act.

In addition, the Government characterizes Mr. Stuart's claim as a disability claim. Because it is uncontested that Mr. Stuart never received a disability determination or an evaluation by an MEB, the Government argues that this Court has no jurisdiction until the appropriate military board either acts or refuses to act. See Chambers v. United States, 417 F.3d 1218, 1224 (Fed. Cir. 2005). However, Mr. Stuart does not seek review of a disability determination; he alleges wrongful release from active duty before he ever had the opportunity to receive a proper disability evaluation or determination. See Compl. at 5–6. As the Court of Appeals for the Federal Circuit has noted, wrongful discharge claims, in contrast to disability claims, need no action by an underlying agency board. Chambers, 417 F.3d at 1224–25; Holley v. United States, 124 F.3d 1462, 1465–66 (Fed. Cir. 1997) (noting that if a release from the military is wrongful, the statutory right to military pay continues, allowing for both monetary and ancillary relief under the Tucker Act). Thus, Plaintiff was not required to seek relief from an agency board for his wrongful discharge claim prior to filing suit in this court.

## II.   Failure to State A Claim Upon Which Relief Can Be Granted

The Government argues that Mr. Stuart seeks "incapacitation pay" pursuant to 37 U.S.C. § 204(g)(1). Incapacitation pay for reservists is limited to a period of six months, and may only be extended at the discretion of the Secretary. 37 U.S.C. § 204(i)(2) (2006). The Court has no power to order additional pay beyond the six-month period. See Barnick v. United States, 591 F.3d 1372, 1378 (Fed. Cir. 2010) (stating that any additional incapacitation pay is wholly discretionary, and courts lack jurisdiction over such a claim). Because Mr. Stuart claims to have

received approximately 18 months of incapacitation pay, the Government argues that Mr. Stuart seeks a continuation of incapacitation pay and has failed to state a claim upon which relief can be granted. However, Mr. Stuart is not claiming improper termination of incapacitation pay, and he does not request additional incapacitation pay as a remedy. Mr. Stuart is challenging his wrongful discharge from active duty and his concomitant loss of pay.

The Government further argues that Plaintiff is only entitled to back pay for duties actually performed under the Military Pay Act. Def.'s Reply at 2–3. Relying on Barnick v. United States, 591 F.3d 1372 (Fed. Cir. 2010) and Palmer v. United States, 168 F.3d 1310 (Fed. Cir. 1999), the Government contends that because Mr. Stuart has not alleged any nonpayment for duties performed, he has not stated a claim for which relief may be granted. However, Barnick and Palmer are based on 37 U.S.C. § 206, which governs non-active duty service members. The Government is correct that members serving on part-time reserve duty, or who are wrongfully removed from such duty, have no lawful pay claim against the United States for unperformed duty. Palmer, 168 F.3d at 1314 (stating that under 37 U.S.C. § 206, an Army Reserve member had no lawful pay claim when denied the opportunity to drill and perform other training). However, Mr. Stuart is not claiming he was wrongfully removed from part-time or reserve status. Mr. Stuart alleges he was wrongfully removed on January 21, 2006, at a time when he was serving on active duty. Comp. ¶ 11. Thus, because Mr. Stuart was on active duty at the time of his alleged wrongful discharge, he is covered under Section 204, not Section 206, and there is no requirement that Mr. Stuart have actually performed the duties for which he seeks payment. See Palmer, 168 F.3d at 1314 (noting that Section 204(a)(1) entitles service members to pay and allowances if wrongfully separated from full-time active duty); Reeves, 49 Fed. Cl. at 566 (stating that the legal entitlement to pay in Section 204 "is not extinguished in situations of improper discharge").

## CONCLUSION

Defendant's Motion to Dismiss is **DENIED.** The Court will convene a telephonic status conference on **September 14, 2011 at 11:00 a.m. EDT**.

s/ Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**